## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COOPERS CREEK CHEMICAL CORP., | CIVIL ACTION |
| Plaintiff, | |
| | No. 2:22-cv-1275 |
| v. | |
| MARSH & MCLENNAN AGENCY LLC, | |
| Defendant. | |

## NOTICE OF REMOVAL

Defendant Marsh & McLennan Agency, LLC ("MMA"), by and through its undersigned counsel Goldberg Segalla LLP, hereby gives notice, pursuant to 28 U.S.C. §§ 1332, 1367, 1441, and 1446, that this action is removed from the Court of Common Pleas of Montgomery County, Pennsylvania, in which it is now pending at Docket No. 2022-01037 (the "State Court Action"), to the United States District Court for the Eastern District of Pennsylvania. The grounds for removal are as follows:

**I.    THE STATE COURT ACTION**

    **A.    Background.**

1. Plaintiff Coopers Creek Chemical Corp. ("Plaintiff") commenced this action by filing a Complaint on January 25, 2022 in the Court of Common Pleas of Montgomery County, Pennsylvania. On March 3, 2022, Plaintiff filed a Praecipe to Reinstate the Complaint. Plaintiff served MMA with a copy of the Complaint on March 7, 2022. True and correct copies of all process, pleadings, and orders served upon MMA in the State Court Action are attached hereto as **Exhibit 1**. A true and correct copy of the docket report in the State Court Action is attached hereto as **Exhibit 2**.

2. This action pertains to insurance brokerage services allegedly provided by MMA to Plaintiff.

3. According to the Complaint, prior to July 14, 2021, Plaintiff requested that MMA represent Plaintiff as an insurance broker for the purpose of obtaining an insurance policy covering the Plaintiff's property at 884 River Road, West Conshohocken, Pennsylvania 19428 (the "Subject Property"). (Compl. ¶ 4.)

4. Plaintiff alleges that MMA procured an insurance policy for Plaintiff with Aspen Specialty Insurance Company ("Aspen"), policy number IM00KAG20, with effective dates of coverage from December 23, 2020 to January 15, 2022 (the "Aspen Policy"). (Compl. ¶¶ 6-9.)

5. Plaintiff alleges that it requested insurance coverage both for physical damage to the Subject Property as well as coverage for lost business income. (Compl. ¶ 15.)

6. Plaintiff alleges that on and around July 14, 2021, the Subject Property was damaged by fire. (Compl. ¶ 29.)

7. Plaintiff alleges that it submitted an insurance claim to Aspen following the July 14, 2021 loss, but that Aspen did not indemnify Plaintiff for purported lost business income sustained after the fire because the Aspen Policy did not provide that coverage. (Compl. ¶¶ 30-31.)

8. Plaintiff alleges that it was damaged by the supposed absence of lost business income coverage under the Aspen Policy.

9. Plaintiff asserts a single claim against MMA for Negligence (Count I), alleging that Plaintiff was underinsured with regard to the coverages and limits for the Subject Property under the Aspen Policy, and demands judgment against MMA in excess of $50,000.00, together with interest, attorneys' fees, and costs. (Compl. ¶¶ 12-53.)

**II.     BASIS FOR REMOVAL**

    **A.     Removal Procedures.**

10.     Under 28 U.S.C. § 1441(a), "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Because the United States District Court for the Eastern District of Pennsylvania embraces the Court of Common Pleas of Montgomery County, Pennsylvania, venue is proper in this Court. *See Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665 (1953) ("[T]he proper venue of a removed action is 'the district court of the United States for the district and division embracing the place where such action is pending.'")

11.     This action is removable under 28 U.S.C. § 1441(a) because the District Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 (diversity jurisdiction).

12.     As required by 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on MMA in the State Court Action are attached hereto as **Exhibit 1**, and a copy of the docket report in the State Court Action is attached hereto as **Exhibit 2**.

13.     Removal is timely under 28 U.S.C. § 1446(b)(2)(B) because MMA has filed its Notice of Removal within 30 days from the date that Plaintiff served its Complaint on March 7, 2022.

14.     Removal is timely under 28 U.S.C. § 1446(c)(1) because MMA has filed its Notice of Removal within 1 year from the commencement of the State Court Action on January 25, 2022.

15.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Court of Common Pleas of Montgomery County, Pennsylvania and is being served on all adverse parties.

16. MMA, by its undersigned counsel, consents to remove the State Court Action to the United States District Court for the Eastern District of Pennsylvania pursuant to this Notice of Removal. *See* 28 U.S.C. § 1446(2)(A).

**B.     Diversity of Citizenship.**

17. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . Citizens of different States . . . ." 28 U.S.C. § 1332(a).

      **1.     There is complete diversity of citizenship between the Parties.**

            **a.     Legal standard.**

18. For the purposes of diversity jurisdiction, "[a] corporation is a citizen both of the state where it is incorporated and of the state where it has its principal place of business." *Zambelli Fireworks Mfg, Co., Inc. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). A corporation's "principal place of business" is "the place where a corporation's officers direct, control and coordinate the corporation's activities," which "should normally be the place where the corporation maintains its headquarters." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

19. The citizenship of a limited liability company is determined by the citizenship of each of its members. *Zambelli*, 592 F.3d at 418; *VICI Racing, LLC v. T-Mobile USA, Inc.*, 763 F.3d 273, 282 (3d Cir. 2014) (a limited liability company "is a citizen of any state in which its members are citizens.")

20. The state of organization and the principal place of business of an unincorporated association, such as a limited liability company, are "legally irrelevant" for determining citizenship for purposes of diversity jurisdiction. *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015).

21. The citizenship of unincorporated associations is "traced through however many layers of partners or members there may be." *Zambelli*, 592 F.3d at 420.

22. If, after reasonable inquiry, the precise citizenship of a plaintiff is unknown, diversity may be established by alleging that the plaintiff is not a citizen of the defendant's state of citizenship. *Lewis v. Rego Co.*, 757 F.2d 66, 69 (3d Cir. 1985).

### b. MMA is a citizen of the States of Delaware and New York and Plaintiff is a citizen of the Commonwealth of Pennsylvania.

23. MMA is a Delaware limited liability company with a principal place of business at 360 Hamilton Avenue, Suite 930, White Plains, New York 10601. (*See* MMA Rule 7.1 Disclosure Statement, filed herewith.)

24. The sole member of MMA is Marsh USA, Inc. (*Id.*)

25. Marsh USA, Inc. is a Delaware corporation with a principal place of business at 1166 Avenue of the Americas, New York, New York 10036. (**Ex. 3**, Delaware Business Entity Search Page; **Ex. 4**, New York Business Entity Search Page.)

26. Therefore, for purposes of diversity jurisdiction, MMA is a citizen of the States of Delaware and New York.

27. Plaintiff is a Pennsylvania corporation with a principal place of business at 884 River Road, West Conshohocken, Pennsylvania 19428. (Compl. ¶ 1; **Ex. 5**, Pennsylvania Business Entity Search Page.)

28. Therefore, for purposes of diversity jurisdiction, Plaintiff is a citizen of the Commonwealth of Pennsylvania.

29. Because Plaintiff is a citizen of the Commonwealth of Pennsylvania and MMA is a citizen of the States of Delaware and New York, there is complete diversity of citizenship.

### 2. The Amount In Controversy Exceeds $150,000.

30. The amount in controversy exceeds the $75,000 requirement of 28 U.S.C. § 1332(a) and the arbitration limit of $150,000 set forth in Local Rule 53.2 § 3. While the Complaint expressly demands damages "in an amount in excess of $50,000" pursuant to Pennsylvania practice, Plaintiff alleges damages in connection with the absence of lost business income insurance coverage under the Aspen Policy, for which Plaintiff is seeking damages in excess of $150,000. *See* 28 U.S.C. § 1446(c)(2) (notice of removal may assert the amount in controversy if the initial pleading seeks a monetary judgment but the state practice permits recovery of damages in excess of the amount demanded or the district court finds, by preponderance of evidence, that the amount in controversy exceeds $75,000); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold").

**WHEREFORE**, Defendant Marsh & McLennan Agency, LLC respectfully removes this action from the Court of Common Pleas of Montgomery County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

Dated: April 4, 2022   **GOLDBERG SEGALLA LLP**

*/s/ Michael P. Luongo*
Michael P. Luongo, Esq. (PA I.D. No. 311948)
1700 Market Street, Suite 1418
Philadelphia, PA 19103
T: 267.519.6800
F: 267.519.6801
mluongo@goldbergsegalla.com

*Attorneys for Defendant*
*Marsh & McLennan Agency, LLC*

32848231.v1

## CERTIFICATE OF SERVICE

I, Michael P. Luongo, Esq., hereby certify that on the date below a true and correct copy of the foregoing Notice of Removal was served upon all counsel of record via email.

**GOLDBERG SEGALLA LLP**

*/s/ Michael P. Luongo*
Michael P. Luongo, Esquire

Date: April 4, 2022

32848231.v1